UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| HENRY COLON, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | )   Civil Action No. 05-10316-GAO |
| | ) |
| TOM RIDGE, ET AL, | ) |
| Respondents. | ) |

MEMORANDUM AND ORDER

For the reasons set forth below, this action shall be dismissed.

BACKGROUND

Petitioner Henry Colon, currently detained in Oakdale, Louisiana by the Department of Homeland Security (formerly the I.N.S.[1]), filed a "Motion for Emergency Request for a Stay of Removal" and supporting documents, on February 16, 2005. Petitioner did not file a habeas petition pursuant to 28 U.S.C. §2241, nor did he file the $5.00 Application fee, or an Application to Proceed *in forma pauperis,* in lieu thereof.

Colon alleges there are serious and constitutional issues requiring judicial review. More specifically, he states that his 2004 criminal conviction, for which he received a one year sentence, was subsequently revised and revoked to a lesser sentence of 364 days. He asserts that raises the issue whether this fact "precludes him from having his proceedings terminated, or in the alternative seek [sic]

---

[1] The Immigration and Naturalization Service of the United States Department of Justice was "abolished" by section 471 of the Homeland Security Act of 2002, Pub. L. 107-296, tit. IV, subtits. D, E, F, 116 Stat. 2135, 2192 (Nov. 25, 2002) ("HSA").

relief from deportation." (Motion, page 1).

## DISCUSSION

Immigration detainees may seek habeas relief pursuant to 28 U.S.C. §2241, and district courts have jurisdiction to review those petitions, see Immigration and Naturalization Service v. St. Cyr., 533 U.S. 289, 312-313 (2001), however, this action must be dismissed for lack of jurisdiction.

Although Colon references the simultaneous filing of a §2241 petition with his Motion to Stay, no such petition was received by this Court, and no filing fee (or request for waiver) accompanied Colon's pleadings. Even assuming the Petitioner could survive the failure to pay the filing fee or to seek a waiver of it, and the failure to actually file a §2241 petition, this Court lacks jurisdiction over the this case because the petitioner is not in custody in this district. Accordingly, this Court is also without authority to grant the requested emergency relief.

A writ of habeas corpus must be "directed to the person having custody of the person detained." 28 U.S.C. §2243. The Court issuing the writ must have personal jurisdiction over the person who holds the petitioner in custody. Vasquez v. Reno, 233 F.3d 688, 696 (1st Cir. 2000) cert. denied sub. nom. Vasquez v. Ashcroft, 122 C. Ct. 43 (2001) (alien seeking writ of habeas corpus contesting legality of detention by I.N.S. normally must name as respondent his immediate custodian, the individual having day to day control over the facility in which he is being detained). Petitioner's legal custodian is the warden of the Oakdale detention facility, the individual with the day-to-day control over the facility in which he is being detained. Id. at 684. This Court does not have personal jurisdiction over the Warden of Oakdale detention facility, and therefore must either dismiss or transfer this action to the proper district. Id. at 696.

Since no §2241 petition has been filed, this Court declines to transfer this action, but will dismiss instead. Additionally, upon inquiry, this Court was advised by counsel for the Immigration and Customs Enforcement that there is no final removal date for Petitioner, and that Petitioner has retained counsel who is pursuing the matter in Oakdale, LA.

## CONCLUSION

Based upon the foregoing, it is hereby ORDERED, that Petitioner's Motion for Stay of Removal is Denied, and this action is dismissed in its entirety.

SO ORDERED.

Dated at Boston, Massachusetts, this 24th day of February, 2005.

    /s/ George A. O'Toole
GEORGE A. O'TOOLE
UNITED STATES DISTRICT JUDGE